IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| M. KEVIN WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-6329-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning August 14, 2002, due to consequences from a skull fracture, left-side weakness, personality changes, and depression with cognitive changes. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in failing to give proper consideration to lay witness testimony and in failing to meet the burden of proving that plaintiff retains the ability to perform other work.

Rachel Amstutz, plaintiff's girlfriend, testified regarding plaintiff's forgetfulness, isolation, inability to get along with people, and his anger and agitation with others. Tr. 511-24. Plaintiff asserts the ALJ failed to address Amstutz's testimony regarding plaintiff's extreme intolerance to other people and his unreasonable agitation and angry responses to them. Plaintiff contends that Aumstutz's testimony shows that plaintiff has such an extreme intolerance to people that he "totally could not accept criticism or supervision" in the workplace.

The ALJ did accept that plaintiff should have no public contact and should work in an environment with few changes and limited supervisor and co-worker contact. Tr. 20-21, 530. While Aumstutz's testimony noted instances where Wheeler became unreasonably upset with neighbors, people in the service industry, and his grandchildren and also noted that a former supervisor asked her to talk to plaintiff about his anger issues, the testimony does not establish a total inability to accept criticism or supervision. The ALJ's limitations accounted for Aumstutz's testimony in this regard. Aumstutz's testimony did not indicate the extreme intolerance plaintiff now asserts. Plaintiff has close friends,

2 - ORDER

has a significant relationship with Aumstutz, has a good relationship with his older brother, and developed a report with medical providers.  The ALJ appropriately addressed Aumstutz's testimony and even if the ALJ failed to address any specific portion of the testimony, there was no error.  <u>See</u> <u>Stout v. Commissioner</u> 454 F.3d 1050, 1056 (9th Cir. 2006) (failure to properly discuss lay testimony harmless if no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination).

Plaintiff's assertion that the ALJ failed to meet the burden of demonstrating an ability to perform other work depends on accepting a limitation of total inability to accept criticism or supervision and the record does not establish such a limitation. Accordingly, the ALJ did demonstrate an ability to perform other work based on the limitations of no public contact and working in an environment with few changes with limited supervisor and co-worker contact. Tr. 531-33.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this ___24th___ day of ___May___, 2009.

                                              ___s/ Michael R. Hogan___
                                              UNITED STATES DISTRICT JUDGE